FILED

**NOT FOR PUBLICATION**

FEB 17 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES H. MANH, an individual; ANH MANH, an individual, | Nos. 13-55329 |
| Plaintiffs - Appellants, | D.C. No. SACV 11-01747 JVS (JPRx) |
| v. | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, an independent agency of the United States government, as Receiver for First Vietnamese American Bank, | MEMORANDUM* |
| Defendant - Appellee. | |

| | |
|---|---|
| CHARLES H. MANH, an individual; ANH MANH, an individual, | No. 13-55962 |
| Plaintiffs - Appellants, | D.C. No. SACV 11-01747 JVS (JPRx) |
| v. | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, an independent agency of the United States government, as Receiver for First Vietnamese American Bank, | |

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendant - Appellee.

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted February 5, 2015[**]
Pasadena, California

Before: MELLOY,[***] BYBEE, and IKUTA, Circuit Judges.

Charles and Anh Manh appeal the district court's grant of summary

judgment in favor of the Federal Deposit Insurance Corporation (FDIC) on their

claim of breach of contract, as well as the district court's award of contractual

attorneys' fees to the FDIC. We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

The district court did not err in determining that the FDIC repudiated the

Manhs' lease within a "reasonable period" following its appointment as receiver.

*See* 12 U.S.C. § 1821(e)(2). The FDIC produced undisputed evidence that the

acquiring institution closed its branch 154 days after the FDIC was appointed as

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

2

receiver and that the Manhs were aware of the branch's closing. The FDIC also produced undisputed evidence that it mailed a notice of repudiation to the Manhs 24 days after the acquiring institution closed its branch. During the intervening 24 days, the FDIC backed up all electronic data on the premises, swept the premises to remove all sensitive information, and completed a multi-level internal review process to decide whether to repudiate the lease. Under these circumstances, and in light of the FDIC's "broad discretion" to determine what constitutes a reasonable period for repudiation, *Franklin Fin. v. Resolution Trust Corp.*, 53 F.3d 268, 271–72 (9th Cir. 1995), the FDIC's repudiation of the Manhs' lease was timely under § 1821(e)(2). Accordingly, the district court did not err in entering summary judgment in the FDIC's favor.

Nor did the district court abuse its discretion in awarding contractual attorneys' fees to the FDIC. California law requires enforcement of contractual attorneys' fees provisions. *See* Cal. Civ. Code § 1717; *see also Franklin Fin.*, 53 F.3d at 273 (applying similar Oregon law). The parties' contract in this case provides that the prevailing party in an action involving the leased premises shall be entitled to reasonable attorneys' fees. The Manhs do not dispute that the FDIC was the prevailing party. Nor have they shown that the circumstances here were so inequitable as to render the award of attorneys' fees to the FDIC unreasonable.

3

The Manhs agreed to the contractual attorneys' fees provision and litigated this case to completion, notwithstanding the FDIC's early offer to allow the Manhs to keep the security deposit in exchange for a settlement of their claims.

**AFFIRMED.**